UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO. 20-789(DSD/KMM)

Axis Surplus Insurance Company,

       Plaintiff,

v.                                **ORDER**

Condor Corporation,

       Defendant.

    Cheryl L. Mondi, Esq. and Peter E. Kanaris, Esq. and Hinshaw & Culbertson LLP, 151 North Franklin, Suite 2500, Chicago, IL 60606 and Joel T. Wiegert, Esq. and Hinshaw & Culbertson LLP, 333 South 7th Street, Suite 2000, Minneapolis, MN 55402 counsel for plaintiff.

    Bradley K. Hammond, Esq. and Smith Jadin Johnson, PLLC, 7900 Xerxes Avenue South, #2020, Bloomington, MN 55431 counsel for defendant.

This matter is before the court upon defendant and counterclaim plaintiff Condor Corporation's motion for summary judgment and declaratory judgment. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is granted.[1]

---

[1] Condor also moved to amend the pleadings to include a claim for violation of Minn. Stat. § 604.18. The court denied the motion at the hearing.

**BACKGROUND**

This case arises out of an insurance coverage dispute. Condor owns the Promenade Oaks apartment complex in Eagan, Minnesota. Compl. ¶ 1. Defendant Axis Surplus Insurance Company issued Condor first-party commercial property insurance policies for the Promenade Oaks effective during the time period relevant here. Id. ¶¶ 7, 8, 17. The policies cover losses or damage that occur within the policy period and within the coverage territory, and each policy contains an appraisal provision that states, in relevant part, "[i]f we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss." Id. ¶¶ 40, 53.

In 2019, Condor submitted a property loss notice regarding hail damage to the roofs of the buildings at Promenade Oaks that Condor alleged occurred May 29, 2018. Id. ¶¶ 23, 33. Axis denied coverage after concluding that the damage occurred outside the policy period. Id. ¶¶ 26-32. Condor disputed Axis's no-coverage determination and submitted a claim for the cost to replace the roofs in December of 2019, stating that it would demand appraisal if Axis failed to pay the claim. Id. ¶ 35. On February 21, 2020, Axis again stated that there was no coverage and denied the claim. Id. ¶ 37. Axis further stated it did not believe appraisal was warranted because the "amount of loss" was not in dispute given its coverage denial. Id. Ex. E. Condor submitted a written demand

for appraisal on February 25, 2020.  Id. ¶ 38; Hammond Aff. Ex. 7, ECF No. 47.

On March 24, 2020, Axis filed suit seeking relief in the form of a declaration that the policies do not cover the hail damage claimed by Condor.  Compl. ¶ 43.  Condor filed a counterclaim alleging breach of contract and seeking to compel an appraisal pursuant to the appraisal provision of the policies.  See ECF Nos. 10, 58.  Condor then successfully moved to compel appraisal.  ECF Nos. 23, 64, 81.

The appraisal panel issued an award on August 8, 2002, concluding that the loss was covered under the policy and the amounts of loss are as follows:

- The actual cash value of the loss (ACV) was $568,302.81;

- As of May 2018 (the date of loss) the replacement cost value (RVC) was $1,671.327.27; and

- As of July 2022 (the date of appraisal), the RCV was $2,094.396.03.

Hammond Aff. Ex. B, at 1-2.

On August 18, 2022, Condor demanded payment from Axis in the amount of $2,613,675.56, which reflects the RCV as of July 2022 ($2,094.396.03) minus the $25,000 deductible, plus $544,279.50 in interest.  Id. Ex. C, at 2.  Axis responded that it would pay $543,302.81, which amounts to the ACV minus the deductible.  Id. Ex. D.  Axis ultimately sent a check to Condor for the full ACV amount ($568,302.81) but has refused to pay the RCV as set forth

3

in the appraisal award. Id. Ex. F. Condor now moves for summary judgment and a declaratory judgment, asking the court to hold that Axis must pay the full amount of the appraisal award.

## DISCUSSION

### I. Standard of Review

The Declaratory Judgment Act, 28 U.S.C. § 2201, grants courts discretion to declare rights. Twin City Fed. Sav. & Loan Ass'n v. Gelhar, 525 F. Supp. 802, 804 (D. Minn. 1981). "An action for declaratory relief properly should be entertained where a judgment will serve a useful purpose in clarifying and settling legal relations, and where it will terminate the proceedings and afford relief from uncertainty, insecurity and controversy." Id. (citation omitted).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

### II. The Policy

The remaining aspects of this dispute center on whether Axis is obligated under the policy to pay the RCV to Condor, consistent with the appraisal award. The relevant policy provisions are as follows:

> G. Optional Coverages
>
>   \* \* \*
>
>   3. Replacement Cost
>
>   > a. Replacement Cost (without deduction for depreciation) replaces Actual Cash Value in the Valuation Loss Condition of this Coverage Form.
>
>   \* \* \*
>
>   > d. We will not pay on a replacement cost basis for any loss or damage:
>   >
>   > > (1) Until the lost or damaged property is actually repaired or replaced; and
>   > >
>   > > (2) Unless the repair or replacement is made as soon as reasonably possible after the loss or damage.

Id. Ex. A, at 25, 26, 28, 29.

There is no dispute that the appraisal award is final and valid. Axis nevertheless contends that it need not pay the RCV because Condor has not met the conditions precedent set forth in the policy. Condor agrees that it has not yet met the conditions precedent, but argues that it is entitled to a declaratory judgment that Axis is obligated to pay the RCV (calculated in July 2022) so that it can begin replacing the roofs damaged in 2018.

5

The crux of the parties' disagreement is whether Condor can meet the policy requirement that it replace the damaged roofing "as soon as reasonably possible after the loss or damage." Id. Ex. A, at 29. According to Axis, Condor should have replaced the damaged roofs soon after Axis completed its investigation into the loss in October 2019. Condor's failure to do so, Axis argues, means that Condor cannot meet the "as soon as reasonably possible" standard set forth in the policy. Condor responds that Axis's arbitrary deadline for replacement the roofs is untenable given that Axis did not even acknowledge loss under the policy until the appraisal award was issued in August 2022. The court agrees with Condor.

The policy does not define "as soon as reasonably possible," nor does caselaw interpreting unrelated policies assist the court in setting a bright-line rule as to when repairs or replacement must be made following loss or damage. Rather, the term "as soon as reasonably possible" demands a case specific inquiry into the facts and circumstances presented.

Here, those facts and circumstances show that Condor reasonably waited for the coverage dispute to resolve before committing to over $2 million in replacement work.[2] The delay was due to Axis's persistent denial of coverage, which included this

---

[2] Condor did so responsibly in an effort to preserve the property given the ongoing appraisal and inspections.

lawsuit and a related appeal, rather than Condor's lack of action. Once the appraisal award was issued, Condor requested assurances from Axis that it would pay the RVC. When Axis refused to do so, Condor appropriately brought this motion. Condor intends to begin the replacement work this year once the weather permits. Under these circumstances, the court cannot conclude that Condor is unable to meet the conditions precedent set forth in the policy and that it precluded from recovering the RCV.

Now that the appraisal has concluded and this issue is decided, Condor must replace the roofs as soon as practicable given the Minnesota weather. The court will keep the case open should there be a future dispute as to timing of the roof replacement.

The sole remaining issue is whether the RCV calculated as of May 2018 or July 2022 applies in this case. The RCV amount is designed to allow the insured to replace the damaged property based on current – or nearly current – price lists. See Hammond Aff. Ex. B, at 2. Given the substantial delays in this case, it would be unfair to Condor to use the date of loss as the basis for the RCV. Rather, the July 2022 price list relied on by the appraisal board more accurately sets the current cost for replacing the

7

roofs. As such, the court finds that the July 2022 RCV ($2,094,396.03) applies.[3]

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. The motion for summary judgment and declaratory judgment [ECF No. 86] is granted;

2. Axis shall pay the RCV, as of July 2022, upon Condor's completion of roof replacements; and

3. The motion to amend pleadings [ECF No. 104] is denied.


Dated: February 3, 2023

                                          s/David S. Doty
                                          David S. Doty, Judge
                                          United States District Court

---

[3] Axis argues that the policy states that the RCV is based on date of loss, but the policy includes only that language with respect to ACV, not replacement costs.